JOSEPH ABLES *v.* HILDA PETERS ABLES.

NO. 2782.

ARGUED DECEMBER 3, 1952.                DECIDED DECEMBER 11, 1952.

LE BARON AND STAINBACK, JJ., AND CIRCUIT JUDGE GODBOLD IN PLACE OF TOWSE, C. J., DISQUALIFIED.

OPINION OF THE COURT BY STAINBACK, J.

The petitioner brought a bill in equity against the respondent, his former wife, she having divorced him. The bill prays that equity declare a resulting trust in favor of the petitioner and against the respondent with respect to

an automobile which he had purchased and registered in her name as the legal owner when she was his wife.

The petitioner claims that the transfer of legal title to his wife, the respondent, did not constitute a gift of the automobile. His testimony is that the transfer was made simply to keep peace in the family. The respondent claims that such transfer constitutes a gift between husband and wife. Her testimony is that the automobile was given to her as a birthday gift after she had selected its make and color. She further testified that she to a large extent controlled the use of the car and on occasion refused to sell it as the owner when he asked her to do so.

The chancellor's decision found that the wife held the Packard car in trust for her husband and a decree was entered in favor of the petitioner, from which decree the respondent appeals.

The chancellor, in making his oral finding, stated that "The question here, resolved down to its simplest form, is whether or not on the 15th day of September, 1941, the petitioner by the conveyance of the vehicle to the respondent, his then wife, intended in truth and in fact to convey, by that conveyance, a gift. The testimony is very conflicting upon the point." The chancellor further pointed out that cars had previously been purchased by the petitioner and put in his own name and that this tended to indicate that the petitioner did not intend to give the vehicle to his wife and added "the facts and circumstances concerning gifts between husband and wife must be viewed with much closer scrutiny than gifts between third party strangers * * *."

If the chancellor meant by this statement to infer that a less degree of proof is required to establish the resulting trust in property paid for by the husband but title to which was taken in the name of the wife than is the case of such a transaction between strangers, this is contrary to all the

authorities, except in case of transfers in fraud of creditors which doubtless the chancellor had in mind.

Where one person pays the consideration for real or personal property and the legal title is taken in the name of another, where the parties are strangers to each other, a presumption of resultant trust arises and the legal estate would be held in trust for the person by whom the purchase money was paid unless the presumption of resultant trust be overcome by proof that it was the intention of the party who paid the consideration that the person to whom the conveyance was made should take beneficially. But where the parties hold to each other the relationship of husband and wife or other close kinship such as parent and child and the husband pays the consideration for the purchase of real or personal property and has the conveyance made to a wife, the normal reasonably inferred intent is that there is an intent to make a gift to the wife and a resulting trust will not arise unless the presumption that the transaction was intended to be a gift be overcome by proof. Authorities to this effect are legion. See: Bogert, *Trusts and Trustees,* vol. 2, § 459, Effect of Close Relationship—(a) Husband Payor, Wife Grantee, p. 1391; *Reed* v. *Huff,* 40 N. J. Eq. 229; a note in 37 American and English Annotated Cases 1082 states that where a husband purchases property and has the conveyance to his wife, the law presumes the intention of the parties to be, not the creation of a trust for the benefit of the husband, but the making of a gift, settlement or advancement to the wife.

The cases, in explaining this presumption of a gift by the husband to his wife, stress several factors such as the elements of love and affection, the duty to support; others lay emphasis on advancement, all depending upon the circumstances of a particular case. Common experience shows that gifts from husband to wife are frequent for a number of reasons. This presumption prevails even

in favor of one whom the husband at the time of purchase thought was his lawful wife even though it transpires later that she was not in fact legally married to him. (Bogert, *Trusts and Trustees, supra.*)

The presumption of a gift to the wife is one of fact and may be overcome if the real intent is to create a trust, but the cases differ somewhat as to the degree of proof necessary to rebut this presumption of gift. However, all of the authorities show strong reluctance to find a resulting trust in opposition to the legal title. There is no fact in the trial of civil cases which requires so satisfactory proof as that which ingrafts a parol trust upon the legal title. (*King* v. *Gilliland,* 60 Tex. 271.) Other cases say that the trust must be established beyond a doubt. Some state that evidence to establish a trust must be so clear, strong and unequivocal as to remove from the mind of the court every reasonable doubt as to the existence of a trust. Frequent statements in describing the nature of the proof use the words "conclusive," "unequivocal," "clear," "strong," "explicit," "positive and conclusive," "clear, certain and conclusive," "clear and definite and unequivocal," "clear, certain and practically overwhelming," "certain and undoubted," etc. A long line of cases from various jurisdictions is cited in 23 American Law Reports 1500. At page 1502 the following statement is made: "So reluctant are the courts to ingraft a trust by parol on the legal title to real estate, or to enforce an alleged parol trust in personal property, that there is perhaps no better established doctrine than the one which requires a high degree of proof in order to establish the trust by parol evidence. The cases cited below, with parenthetical statements as to the nature of the proof required, show that the rule requiring an extraordinary degree or certainty of proof in this class of cases has been applied or recognized in practically all jurisdictions, with a wide variety of statement regarding

602

the kind of testimony essential to establish the trust." This note then cites decisions from the United States Supreme Court and federal courts and numerous decisions from forty-eight other jurisdictions including one from Hawaii, *Jarrett* v. *Manini*, 2 Hawaii 667, which states that the proof to establish a trust "must be of the most conclusive character."

The petitioner having failed to produce clear and convincing proof of a conclusive nature that the wife was to hold the automobile as trustee for her husband, the decree is reversed and the case remanded with instructions to enter a decree in favor of the respondent.

*L. L. M. Chun* (*J. F. Gilliland* with him on the brief) for appellant.

*O. P. Soares* (also on the brief) for appellee.

