GERTRUDE V. STEVENS, ADMINISTRATRIX OF
THE ESTATE OF FRANK SOFFRA, DECEASED
*v.* SALLY SOFFRA OLIVEIRA.

No. 3064.

ARGUED NOVEMBER 6, 1957.  DECIDED NOVEMBER 22, 1957.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

Frank Soffra died on November 25, 1953; letters of administration were issued to his daughter, Gertrude V. Stevens, petitioner-appellee herein. At the time of Frank Soffra's death a certain piece of real property situated at Makaha, Waianae, was covered by transfer certificate of title number 40,424 issued to Sally Soffra Oliveira, a sister

of Frank Soffra, deceased. The property was acquired by deed to Sally Soffra Oliveira from Clarence Kaawaa Lum and others dated April 17, 1948, for a consideration of $3,210 paid by Frank Soffra. After Frank Soffra's death, demand was made by the administratrix upon Sally Soffra Oliveira that she return the said property to the estate of Frank Soffra, deceased, and execute a proper deed in accordance therewith. Respondent-appellant failed and refused to comply with the demand and on March 5, 1954, petitioner filed the action herein seeking to enforce a resulting trust on said real property in favor of the estate of Frank Soffra, deceased. Trial was held in August, 1954, before the Honorable Frank A. McKinley who decided that the respondent held such property as a trustee under a resulting trust. A decree in accordance with the decision was filed on June 29, 1955, and notice of appeal to this court was duly filed thereafter.

The sole question is: Was there a resulting trust in the real property so conveyed to respondent?

There is no dispute between the parties as to the law relative to trusts.

Where property is paid for by one person and the title thereto is taken in the name of another under circumstances which rebut the intent to make a gift or an advance of funds, a trust of the property arises.

"Where one seeking to have a resulting trust declared shows with *requisite sufficiency* a conveyance to one person on a consideration from another, the burden of proof of the facts giving rise to a resulting trust is sustained. The burden of going forward is then on the other party to rebut the resulting trust by showing that the party from whom the consideration moved did not mean the purchase to be a trust for himself, but a gift to the grantee." (54 Am. Jur., *Trusts,* § 603, p. 467.) (Emphasis added.)

Where the grantee is the natural object of the bounty of the payor, such as the wife of the payor or the child, in such cases the presumption is that the husband or father intended the property as a gift to the wife or the child and no trust will result (*Ables* v. *Ables,* 39 Haw. 598; *Adams* v. *Adams,* 40 Haw. 593) ; but where the grantee is not such a natural object of the bounty of the payor, proof of the payment of the purchase price is ordinarily sufficient to establish a trust where there are no circumstances rebutting the inference of the resulting trust. (4 Scott, *Trusts,* 2d Ed., *Resulting Trusts,* § 458, p. 3089.)

Scott, in discussing the question of a gift to a relative, made the following statement:

"The intention that the grantee should not have the beneficial interest in the property may appear from the circumstances at the time of the purchase or it may appear from the subsequent conduct of the parties. *The intention not to make a gift may appear from the conduct of the payor in exercising dominion over the property, his collection of the rents, payment for improvements, payment of insurance premiums, and taxes.*" (4 Scott, *Trusts,* 2d Ed., *Resulting Trusts,* § 443, pp. 3038, 3040.) (Emphasis added.)

In the case before us the deceased not only paid the full purchase price of the lot but he exercised full dominion thereover, clearing the ground, erecting a house, paying the taxes, collecting rentals, and also residing upon said property, while at no time did the respondent in any way exercise any dominion over this property. However, the claim is made, apparently as an afterthought, that the deceased intended to keep a life interest in such property but give respondent the property after his death. There is barely a scintilla of evidence from any statement or acts by the deceased that he had such intention, or any statements or acts by the respondent in this regard until after

the death of the deceased when certain self-serving declarations were made by the respondent, which self-serving declarations as a matter of fact should not even be admissible as evidence. It is interesting to note that respondent at no time prior to the death of deceased informed anyone of any such remaining interest in the property, not even her own husband who was called as a witness.

It was shown that on several occasions the deceased had purchased property and put the title in the name of his sister, the respondent, and thereafter dealt with such property as his own by requiring the sister to convey the same to various persons. This evidence would seem to rather rebut the presumption of a gift than otherwise, although the sister did testify that when he sold this last lot he told her he was going to buy her the land in dispute. No such statement was ever made by the deceased to others or by her until after the death of her brother.

There was evidence that the sister was very close to her brother and that he had attempted to make some sort of assignment of a death-benefit payment which has some probative force, but there was also evidence that the deceased had worried for fear he might lose his former home in Kalihi (apparently because he feared certain litigation with reference thereto) and told his wife that whatever happened to that property, he and she had a home in the land in question.

Appellant's brief contains many citations of authority on the amount of proof necessary to establish a resulting trust.

Some of the cases use language that, if applied to other than proof of payment by the payor, is clearly unreasonable. In commenting on such, 2A Bogert, *Trusts and Trustees*, section 464, page 529, states:

"It seems very dubious whether the courts really mean to require proof beyond a reasonable doubt. They

do, however, in all probability exact somewhat stronger and clearer proof than in the ordinary equity case."

Obviously, to overcome the effect of a deed's recital and ingraft a parol trust on the deed, the party asserting such trust must have "clear and convincing" proof, but we do not understand that there is any requirement of proof beyond a "reasonable doubt" as required in criminal cases.

In the present case there is not one iota of evidence that any payments were made other than by the deceased and there is little or no "evidence" except the self-serving statements of the sister that the deceased intended to make a gift to her.

There is no presumption of gift where a brother pays a consideration and takes property in the name of his sister or vice versa.

"In the more remote relationships it is natural to find the courts applying the presumption of a trust and refusing to infer an intent to give. Thus, if a brother pays the price and takes title in his sister's name, the law infers an intent to have a trust for the brother and not a gift for the sister; and the attitude is the same where the sister buys the land and the deed runs to the brother, or where brother and brother or sister and sister are involved. The element of affection is assumed to be present, but it is of less force than in the cases treated above, there is no legal duty to support, and the inference of an advancement is not strong, especially where the payor has closer relatives than the grantee." (2A Bogert, *Trusts and Trustees*, § 460, pp. 501, 502.)

Affirmed.

*Samuel P. King* for respondent-appellant.
*Hyman M. Greenstein* for petitioner-appellee.